## HART v. GAVEN.

The Legislature had the right to provide, in the Act known as the Consolidation Act for the Government of the City and County of San Francisco, that the owners of lots in said city should keep the streets in front of their lots in repair.

Where the owner of a lot neglects for three days, after notice from the Superintendent of Public Streets of said city, to repair the street in front of his lot, the Superintendent has the right to make a contract for that purpose ; and an action will lie in the name of the party performing the work against the owner of the lot adjacent for the amount.

APPEAL from the County Court of the City and County of San Francisco.

Hart *v.* Gaven.

This was an action by the plaintiff, who was employed by the Superintendent of Public Streets of the City and County of San Francisco, to repair the street in front of the lot of defendant—he (the defendant) having neglected to do so, after notice from the Superintendent to that effect.

The action was originally commenced in a Justice's Court, and was appealed to the County Court, where the cause was tried without a jury, and a judgment rendered for plaintiff; from which the defendant appealed to this Court.  The facts sufficiently appear in the opinion of the Court.

*E. Cook* for Appellant.

*J. J. Papy & N. Holland* for Respondent.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The fifty-sixth section of the Consolidation Act, applicable to the City of San Francisco, passed April 19th, 1858, provides that each owner of lots fronting on streets which have been planked and graded, shall keep the same in front of his lot in repair, at his own expense ; and the Superintendent of Public Streets and Highways shall require of such owner, by verbal or written notice, to make the repairs.   By section fifty-seven, if such repairs are not commenced within three days, (after notice given as aforesaid) and diligently and without any interruption prosecuted to completion, the Superintendent shall employ any suitable person applying to do the work at the expense of the tenant and owner, or occupant, at a reasonable price, to be determined by the said Superintendent.

In this case, the defendant was the owner of the property, and had notice to repair, which he declined doing, and the Superintendent made the contract to repair with the plaintiff, who did the work ; and the question is as to defendant's liability for the price.   Section fifty-nine provides that an action may be instituted by the contractor under these circumstances.

Though no privity of contract exists between the plaintiff and defendant, yet if the Legislature had a right to require this duty, or to lay

this burden upon the owner, we suppose that the power to provide for the collection of the sum in this way cannot be disputed. There is no difference between the power to authorize a suit in the name of the Tax Collector, or the State, or county, and in the name of the contractor; the mode of enforcing this obligation being mere matter of remedy following the right.

Some provision being necessary for repairing the streets, the mode by which this is done, if it be uniform and equal in its operation, must be left to legislative discretion. This duty of repairing the streets is in the nature of a public burden or tax, and we do not see that the rule adopted applying to all the streets of a municipality, is not as near an approximation to uniformity as could well be attained. Absolute justice in the operation of human laws is impossible; there is no rule, however just in its general working, which has not its exceptional instances of hardship; and especially in the results of the taxing power is this incurable infirmity of laws to secure exact and equal justice to all those upon whom they operate, apparent. No tax law could ever stand if subjected to a rigid test on the score of uniformity. All we can expect is a general equality of operation; and we think that this is secured by this Act.

Regarding this obligation as creating a tax to the extent of the needed repairs, which the Legislature had a right to impose, and the giving of the action to the contractor as merely the remedy to enforce it, we think that the judgment of the Court below on the facts was right.

If an unreasonable contract were made, or unreasonable repairs required, or advantage were taken by fraud or otherwise, the case might be different.

We decide here the precise case before us, and nothing more—the case of the liability of an owner for repairs in front of his lot on a graded and planked or paved street, in a proceeding to recover on a fair and just contract.

The cases in 9 Dana, 521, and in 19 Ohio, 418, cited by the respondent, fully sustain the principles of this case.

The judgment is affirmed.